**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02-cr-6-MOC
3:17-cr-88-MOC**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **CHARLES RAYNARD WRIGHT,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's pro se motion to reduce sentence under Amendment 821 to the United States Sentencing Guidelines. (3:02-cr-6-MOC, Doc. Nos. 37, 38). The Government opposes Defendant's motion. (Id., Doc. No. 42). Because Defendant is ineligible for sentence reduction under Amendment 821 in case number 3:02-cr-6-MOC and the Court lacks jurisdiction to consider a motion for sentence reduction in case number 3:17-cr-88-MOC, the Court will deny Defendant's motion.

**I.     Background**

In January 2002, a federal grand jury indicted Defendant and charged him with possessing a firearm as a convicted felon. Defendant pleaded guilty, and this Court sentenced him to 180 months in prison. Defendant completed his custodial sentence and began serving his term of supervised release in February 2015.

In December of 2016, Defendant apparently pulled a gun on another driver at a red light in Charlotte, North Carolina. A federal grand jury subsequently indicted Defendant in March 2017, charging him with possession of a firearm as a convicted felon. Defendant pleaded guilty to the firearm offense without a plea agreement, and this Court sentenced him to 180 months

1

imprisonment. Defendant appealed this Court's judgment, and that appeal remains pending before the Fourth Circuit.

Defendant now asks this Court to reduce his sentence in case number 3:02-cr-6-MOC based on Amendment 821 to the Sentencing Guidelines. The Court asked the Government to respond to Defendant's motion in case number 3:02-cr-6-MOC and consider whether Defendant is eligible for sentence reduction in case number 3:17-cr-88-MOC.

**II.      Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease if a defendant has (1) zero criminal-history points, and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4; (3) did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the offense was not a sex offense;

2

(6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon in connection with the offense; (8) the offense was not an offense involving individual rights covered by U.S.S.G. 2H1.1; (9) did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848. U.S.S.G. 4C1.1.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a

3

defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III. Discussion

Defendant is ineligible for sentence reduction in case number 3:02-cr-6-MOC. He has already served his custodial sentence in that case, so there is no sentence to reduce.

While Defendant may be eligible for sentence reduction in case number 3:17-cr-88-MOC, this Court lacks jurisdiction to decide Defendant's motion. That is because Defendant appealed this Court's judgment in case number 3:17-cr-88-MOC, and that appeal remains pending before the Fourth Circuit. "'[A] timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal.'" (3:17-cr-88-MOC, Doc. No. 45 at 1) (quoting Doe v. Public Citizen, 749 F.3d 246, 258 (4th Cir. 2014)). Because Defendant's appeal challenges the sentence this Court imposed in case number 3:17-cr-88-MOC, this Court lacks jurisdiction to rule on any motion to reduce that sentence while Defendant's appeal remains pending.

Therefore, Defendant's motion to reduce sentence in both cases must be denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce sentence (Doc. No. 37) is **DENIED**.

Signed: April 4, 2024

*[signature]*

Max O. Cogburn Jr
United States District Judge

4

Case 3:02-cr-00006-MOC   Document 43   Filed 04/04/24   Page 4 of 4